■ JOHN W. STAATS, Appellant-Respondent, v WEGMANS FOOD MARKETS, INC., Respondent-Appellant, et al., Defendant. [826 NYS2d 870]—

Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Vincent E. Doyle, J.), entered July 28, 2005 in a personal injury action. The order and judgment granted in part the motion of defendant Wegmans Food Markets, Inc. to set aside the verdict pursuant to CPLR 4404 (a).

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motion with respect to the award of damages for future medical expenses and the claim for future loss of household services and reinstating that award and claim, by granting that part of the motion with respect to the award of damages for past loss of earnings and setting aside that award, and by providing that a new trial is also granted on damages for future loss of household services and past loss of earnings and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from a height. Supreme Court granted plaintiff's motion for partial summary judgment on liability and, following a trial on damages against Wegmans Food Markets, Inc. (defendant), the jury awarded plaintiff damages for past and future medical expenses, past and future pain and suffering, past and future loss of earnings, and future loss of household services. The court granted in part defendant's motion to set aside the verdict pursuant to CPLR 4404 (a), granting a new trial on damages for future medical expenses and future pain and suffering unless plaintiff stipulated to reduce the amounts awarded by the jury, and granting a new trial on damages for future loss of earnings. In addition, the court set aside the award for future loss of household services and dismissed that claim.

We conclude that the court erred in granting that part of defendant's motion seeking to set aside the award for future medical expenses, and we therefore modify the order and judgment accordingly. Plaintiff presented evidence of the cost of future doctors' office visits, and his expert based his calculations on the cost of medications obtained from an Internet Web site of a drugstore chain located in the United States, which were the lowest prices that the expert could locate. We agree with plaintiff that the court erred in determining as a matter of law that plaintiff resides in Canada "and is likely to purchase his medications there," and thus that the court erred in

determining that plaintiff failed to meet his burden of establishing the actual cost of medications that he is likely to incur. As defendant correctly contends on its cross appeal, however, the court should have granted a new trial on past loss of earnings for the same reason that it granted a new trial on future loss of earnings, and we therefore further modify the order and judgment accordingly.

Finally, we agree with the court that the award of damages for future loss of household services deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]), but we conclude that the court should have granted a new trial with respect to that claim rather than dismissing it. We therefore further modify the order and judgment accordingly. Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.